306 So.2d 426 (1975)
EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY and John F. Ohlenforst, Plaintiffs-Appellees,
v.
Horace P. BERTRAND, Individually, and as Administrator of his minor son, Randy Bertrand, Defendant-Third-Party Plaintiff-Appellee, and
Government Employees Insurance Company, Defendant-Appellant.
No. 4830.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 5, 1975.
*428 Voorhies & Labbe by Vance R. Andrus, Lafayette, for third party defendant-appellant.
Martin & Leonard by James R. Leonard, Jr., Lafayette, for plaintiff-appellee.
Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This suit arose out of a one-car automobile accident which occurred on the night of November 3, 1972, in Acadia Parish, Louisiana. Property damage claims were filed by John F. Ohlenforst, the owner of the vehicle, and his liability insurer, Employers Commercial Union Insurance Company. The original defendant was Horace P. Bertrand, in his individual capacity and as administrator of the estate of his minor son, Randy Bertrand (the driver of the Ohlenforst vehicle at the time of the accident). Subsequently Horace Bertrand filed a third party action against his own liability insurer, Government Employees Insurance Company, alleging that in the event any liability was found on his part that his insurer should pay the judgment, and additionally that the insurer had an obligation to provide Bertrand with a defense. As a result of the latter contention Bertrand also asked that costs and attorney fees be assessed against his insurer. The original plaintiffs subsequently brought Government Employees Insurance Company in as a defendant. After trial on the merits judgment was rendered in favor of (1) John Ohlenforst in the sum of $50.00, and (2) Employers Commercial Union Insurance Company in the sum of $2,267.50, against Horace Bertrand and Government Employees Insurance Company, in solido. Judgment was also granted in favor of Horace Bertrand, as third party plaintiff, against his insurer in the sum of $850.00 for attorney fees. From said judgment, Government Employees Insurance Company has appealed.
The facts leading up to this suit are as follows: On the aforementioned date, 17 year old Jude Ohlenforst, son of the plaintiffJohn Ohlenforst, drove his father's 1971 Chevrolet Impala to a party on the outskirts of Rayne, Louisiana. Subsequently Jude Ohlenforst left the party with some friends to go to Crowley and as a result the Ohlenforst vehicle remained parked and unattended at the party. The keys were left in the ignition of the automobile. Shortly after Jude Ohlenforst's departure, 16 year old Randy Bertrand, son of the defendantHorace Bertrand, while in the company of a girl friend, entered the Ohlenforst vehicle and started listening to the radio. After about 10 or 15 minutes the couple decided they would take a right in the vehicle and drive to Rayne. This is despite the fact that Randy's father's vehicle (which had been driven to the party by Randy) was also parked at the party. In the process of returning to the party Randy Bertrand lost control of the Ohlenforst automobile on a gravel road, overturning same, and causing $2,650.00 property damage to the vehicle.
As stipulated at trial, the plaintiff-insurer, Employers Commercial Union Insurance Company, had previously paid the owner of the vehicle, John Ohlenforst, the sum of $2,267.50 (representing $2,650.00 loss to the vehicle, minus $382.50 salvage value and $50.00 deductible as provided in the policy). A conventional subrogation agreement was drawn up between Ohlenforst and Employers, and Employers filed this suit for $2,267.50. Ohlenforst joined in the suit seeking the $50.00 deductible portion for which he was obligated under his own policy.
It was further stipulated that, although neither of the defendants' liability was admitted, all parties agreed that the plaintiffs were entitled to judgment from one or both of the defendants.
*429 There is no serious question on this appeal as to whether Randy Bertrand was negligent or that his negligence was the sole cause of the accident herein. Therefore the only issues presented are: (1) Whether Randy Bertrand had actual or implied permission or reasonably believed that he had such permission to drive the Ohlenforst vehicle on the night of the accident and as a result would be considered an insured within the provisions of Government Employees Insurance Company's policy; (2) Whether Government Employees was contractually bound to defend the action by the plaintiffs against Horace Bertrand.
In respect to the issue of coverage, the Government Employees' insurance policy provided in pertinent part:
"PART ILIABILITY
COVERAGE BPROPERTY DAMAGE LIABILITY:
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
. . . . . .
B. injury to or destruction of property, including loss of use thereof, hereinafter called `property damage';
arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, . . .
PERSONS INSURED: The following are insured under Part I:
. . . . . .
(b) with respect to the non-owned automobile,

(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer,

provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and..." (emphasis added)
The evidence is clear that Randy Bertrand did not have the explicit or actual permission of John Ohlenforst to drive the automobile on the night in question. In fact Ohlenforst testified that he had forbidden his son to let anyone use the family automobile and that if this was done Jude would have lost his own privilege of using it. He further indicated that he had no knowledge that his son had ever loaned the car to anyone.
Likewise, the record reveals that Jude Ohlenforst did not give Bertrand his permission to use the automobile, nor did Randy Bertrand even ask permission. This is testified to by both Jude and Randy.
Therefore the only question remaining in this connection is whether, under the facts and circumstances present at the time Randy Bertrand borrowed the car, Bertrand "reasonably believed" he had the permission of the owner of the Ohlenforst vehicle to drive it to Rayne. The trial judge answered this question in the affirmative, based upon the following orally given reasons: (a) On occasions Randy had driven other people's cars without actual permission of the owner; (b) Jude Ohlenforst testified if he had been asked permission by Randy to drive the car he would have granted it; (c) The keys were in the car and Randy had driven other cars under similiar circumstances, although not this particular one; and (d) The standard to be used in determining "reasonable belief" was the standard of a person of "tender age" such as Randy. We reverse as to this issue.
"Reasonable belief" indicates a subjective standard of determining permission, so that a permittee could be covered if he reasonably believed that he had permission of the owner, transmitted through another permittee, whether or not such *430 other permittee had actual authority to transmit permission. Johnson v. Aetna Casualty & Surety Co., 274 So.2d 769 (La. App. 3rd Cir. 1973).
Clearly Jude Ohlenforst did not have actual or even implied authority to transmit permission to someone else to drive his father's automobile. Neither did Jude give Randy Bertrand permission to drive the vehicle. Randy did not even ask permission to drive it. In fact, Ohlenforst was not present at the time Randy and his girl friend entered the vehicle. Bertrand further admitted that he had never before borrowed the Ohlenforst vehicle or asked permission to do so, nor had Jude ever borrowed the Bertrand vehicle. In addition, Bertrand and Ohlenforst were only "casual acquaintances" at the time, although afterward they became close friends.
Randy Bertrand, also testified at one point at the trial, admitting he had signed a statement following the accident to the effect that when he took the car he realized that he probably should not have done so because he did not have permission and did not know if Jude or his father would have let him use it. At trial this testimony was somewhat changed and Bertrand indicated that he did not feel anything was wrong with using the car, that he was of the opinion that Jude would not have objected, and that he just did not think before doing it. He also stated that he had use other friends' cars under similiar circumstances, and that he had loaned the Bertrand vehicle to friends on numerous occasions. Randy further indicated at one point that the reason he took the car was because his own was blocked in by other cars. However, shortly after the accident Randy's signed statement reveals that he was not sure if his own car was blocked and that he thought he could have used his own without much trouble.
Jude Ohlenforst also testified at trial that he did not give his permission to use the car or convey an impression that it was all right. He did, however, state that he had permitted others to drive the Ohlenforst vehicle if they asked permission and further indicated he probably would not have refused Jude. This fact was contradicted by an earlier written statement wherein it was stated by Randy that he at no time permitted any of his friends to drive the Ohlenforst car. Also notable, in respect to what was common practice, is the testimony of Randy that if someone else's vehicle were blocking your own it was commonplace to move it without permission. However, he further stated that if the person who owned (or had control) of the vehicle were not present, he would not have taken the car on a drive without asking permission.
Two other boys were called to testify. Billy Hoffpauir indicated he himself had used other friends' cars without specific permission, but that he never used the Ohlenforst vehicle. David Reed, although within the so-called "close circle" of friends, stated that he had never used other peoples' automobiles or was such done in his presence.
Under these facts and circumstances we cannot envision that Randy Bertrand "reasonably believed" he had permission to drive the Ohlenforst vehicle. The standard to be applied as to whether "reasonable belief" was present is the standard of the parties involved (as pointed out at one point by the trial judge) but not that of a person of tender age. Randy Bertrand was 16 years old and in high school. His parents bestowed upon him the trust and responsibility of obtaining a driver's license and driving the family automobile at night without supervision. It is difficult to conclude that a person of this age could reasonably believe he had permission of Mr. Ohlenforst to take the vehicle on a joy ride, considering it was the car of a casual friend who was not even present at the time, and from whom Randy had not been given or even asked permission to do so. Even though Jude *431 testified he would have given Randy permission, had he asked, the fact remains that he did not ask. Surely the facts do not indicate this "commandeering" of the automobile was a custom among the parties involved. Therefore we opine that Randy had neither actual or implied permission to drive the Ohlenforst vehicle, nor did he have reasonable grounds to believe he had such consent of the owner. His use thereof was therefore prohibited and we reverse that part of the judgment holding Horace Bertrand's insurerGovernment Employees Insurance Company, liable in solido with Bertrand in the sum of $2,267.50. Horace Bertrand's liability, however, is affirmed inasmuch as he is responsible for the negligence of his minor child, Randy.
The next issue is whether Government Employees had the obligation to defend Bertrand from the suit by the plaintiffs. The trial judge also answered this question in the affirmative and we concur in this finding.
In this regard, Government Employees' policy provided that it would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: ... B. injury to or destruction of property ... arising out of ... use of ... any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; ..."
It is well established that an insurer's duty to defend its insured is broader than its liability for damage claims. Likewise, the duty to defend depends upon the allegations of plaintiff's petition, and the insurer must defend unless the allegations unambiguously exclude coverage. The applicable test in such instances is if, assuming plaintiff's allegations are true, there is both coverage under the policy and liability to the plaintiff, the insurer is obliged to defend regardless of the outcome of the case. American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Benoit v. Fuselier, 195 So.2d 679 (La.App.3rd Cir. 1967).
Plaintiff's original petition alleged that Randy Bertrand's negligence was the sole cause of the accident and that, as the minor child of and living with Horace Bertrand, the father was liable for the actions of his son. In the amended petition, bringing in Government Employees Insurance Company as defendant, the plaintiffs further alleged that the insurer had issued a policy to Horace Bertrand, in full force and effect, on the accident date which covered Randy Bertrand, and that both the father and his insurer were liable in solido for damages to the Ohlenforst automobile. The original petition also, however, in paragraph 3 alleged that Randy Bertrand took the Ohlenforst automobile and operated it without the permission of John Ohlenforst or his son.
Under the latter allegation the defendant insurer would not be liable under the provision of the policy that Randy's operation of the automobile was without "the permission" of the owner. However, if Randy "reasonably believed" he had permission of Mr. Ohlenforst then the insurer would still have been liable.
As a result, the petition does not unambiguously exclude coverage. Said petition alleged facts against the named insured which obligated Government Employees Insurance Company to furnish Bertrand a defense for the suit. Government Employees clearly refused to defend the defendantBertrand, even after demand. Its refusal to do so on the ground that its policy excluded coverage was a breach of contract, and hence it became liable to Bertrand for reasonable attorney fees for the defense of the case.
For the above and foregoing reasons the judgment of the trial court is reversed insofar as it held the defendant, Government *432 Employees Insurance Company, liable for the damages sustained to the Ohlenforst automobile. In all other respects the judgment of the trial court is affirmed.
Costs of this appeal are assessed equally against Horace P. Bertrand and Government Employees Insurance Company.
Affirmed in part, reversed in part, and rendered.