355 So.2d 1041 (1978)
LUMBERMENS MUTUAL CASUALTY COMPANY and Max Ferran & Son, Inc.
v.
Sharleen ROLLINGS, Larry Rollings and Continental Insurance Company.
No. 8802.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
*1042 Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Jack C. Benjamin, Arthur A. Crais, Jr., New Orleans, for defendant-third party defendant-appellant, Continental Ins. Co.
James L. Bates, Jr., New Orleans, for defendants-third party plaintiffs-appellees, Sharleen Rollings and Larry Rollings.
Before GULOTTA, SCHOTT and WICKER, JJ.
GULOTTA, Judge.
The sole issue confronting us is whether an automobile liability insurer has the responsibility to defend a suit filed against the driver of an automobile owned by the named insured, when the driver did not have permission from the insured to use the automobile, but the petition alleges this permission existed. We conclude, under these circumstances, the insurer is liable for the expense of the driver's defense although the trial court determined, after trial, the driver was not in fact an "insured" under the policy. See American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970).
The facts are that defendant, Larry Rollings, an employee of Southern Scrap Materials Company, Ltd., was given permission to drive a company-owned truck home overnight for his personal use. While the employer's truck was in his possession, Rollings gave permission to his wife to use the vehicle and she became involved in the accident which is the subject of this suit.
Plaintiffs, the owner and insurer of the vehicle struck by Mrs. Rollings, filed suit against the Rollings and, under the Direct Action Statute, against Southern Scrap's liability insurer, Continental Insurance Company. Southern Scrap was neither named as a party defendant nor thirdpartied. The petition alleged that Mrs. Rollings and her husband had the express or implied permission of Southern Scrap to use the company-owned vehicle.
In answer, on its own behalf only, Continental denied coverage on the ground that no such permission existed and thus the Rollings were not "insureds" under the policy. In answer to plaintiffs' demand and by way of third-party petition, however, the Rollings sought reimbursement from Continental for any amount for which they may be cast in judgment and additionally sought $2,000.00 in attorney's fees for their defense of plaintiffs' claim.
Judgment for damages was rendered, after trial, in favor of plaintiffs and against the Rollings, based on a finding of Mrs. Rollings' negligence. Plaintiffs' claim *1043 against Continental, however, was dismissed on the court's finding that Mrs. Rollings was driving the company vehicle without the permission of the named insured. Upon this finding of fact, there exists no liability coverage under the policy provisions. The trial judge rendered further judgment, however, in favor of the Rollings and against Continental in the sum of $2,000.00 for attorney's fees for their defense of plaintiffs' demand. Continental appeals. We affirm.
The standard policy in this case provides property damage and bodily injury coverage and the company is obligated to pay "on behalf of the insured all sums which the insured shall become legally obligated to pay . . . ." The policy further states that "the company shall have the right and duty to defend any suit against the insured. . . even if any of the allegations of the suit are groundless, false or fraudulent. . . ." An "insured" is defined under the policy as:
"(a) the named insured,

(b) . . .
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured . . .

(d) . . . ."
According to the insurer, because its liability extends only to payment on behalf of the insured for all amounts for which the insured may be liable and because the Rollings do not fit the category of an insured (the trial judge having concluded that Rollings' use was without permission), the trial judge erred when he cast the insurer in judgment for the payment of the defendant's driver's attorney's fees incurred for their defense.
Our case is controlled by American Home Assurance Company v. Czarniecki, supra. In Czarniecki, a minor borrowed a vehicle without permission from its owner and became involved in an accident. Plaintiff sued the minor's father who then thirdpartied the insurer of the owner of the vehicle driven by the minor. Plaintiff's petition, as supplemented, alleged that the minor was driving the vehicle with the permission of its owner. As in our case, the owner's policy defined an insured as:
"* * *
(1) the named insured . . .
(2) any other person using such automobile with the permission of the named insured . . . ."
and it further provided:
"[T]he company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; * * *"
After trial in Czarniecki, it was factually determined that the minor had driven the vehicle without the owner's permission. The Supreme Court held, however, that even though the insurer was not liable under the policy for damages, it nonetheless was liable to the minor's father for his expense in defending against plaintiff's suit. In so holding, the court recognized that the insurer's obligation to defend suits against its insureds is broader than its liability for damage claims. The Czarniecki court went on to say:
"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).
"Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insurer regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, ibid." *1044 See also Employers Commercial Union Insurance Company v. Bertrand, 306 So.2d 426 (La.App. 3d Cir. 1975).
Our situation is similar to that in Czarniecki. The policy provisions are virtually the same and the petition before us alleges that the vehicle driven by Mrs. Rollings was owned by Southern Scrap Materials Company, Ltd., and insured by Continental Insurance Company, and that the Rollings "had the express or implied permission of the owner of the 1973 truck, that is Southern Scrap Materials Company Limited". As pointed out in Czarniecki, it is of no moment (for the purpose of the insurer's providing a defense) that after trial it is determined that no such permission was granted.
We find no merit to Continental's contention that the Czarniecki case is inapplicable. Continental points out that the policy language relating to the insurer's duty to defend in Czarniecki provides for a defense of "any suit" and in our case the policy obligates the insurer to provide a defense against "any suit against the insured". According to Continental, the language in the instant case places a narrower responsibility for defense than in Czarniecki. We do not agree.
Both policies place the responsibility for the defense of any suit against its insured. Although the words "against the insured" do not appear in the Czarniecki policy, it is clear that reference to defense of "any suit" means a suit against its insured. The pertinent language in Czarniecki provides for the insurer's defense of "any suit . . . seeking damages . . . payable under the terms of the policy . . . ." The pertinent provision in our case which provides for a defense of "any suit against the insured" has the same meaning as the pertinent language in Czarniecki. We find no significant difference in the wording of the policies.
We are not persuaded to reach a different result by Smith v. Insurance Company of State of Pennsylvania, 161 So.2d 903 (La.App. 1st Cir. 1964), cited by Continental. This case predates and is in conflict with the later Supreme Court Czarniecki case.
Under the circumstances, we conclude the trial judge properly rendered judgment in favor of the Rollings and against the defendant insurer for the payment of attorney's fees necessitated for the Rollings' defense. The judgment is affirmed.
AFFIRMED.