SWIFT, Judge.
This action for automobile damages arose out of a one-car accident that occurred on March 26, 1976. Plaintiff-appellee, Kenneth W. Clarke, the owner of the car involved, filed suit against Charles Fulkerson, defendant-appellant, its driver at the time of the accident, and Mr. Fulkerson’s insurer, Travelers Insurance Company (Travelers), under a policy which provided liability and collision coverage on the insured’s vehicle and also certain “non-owned” automobiles. Mr. Clarke had no insurance on his car.
Fulkerson answered and filed a third party demand against Travelers for indemnity plus a twelve per cent penalty, alleging that the insurer arbitrarily and capriciously failed to pay the loss. Travelers filed an answer and also an exception of no cause and/or right of action directed only at the penalty demanded.
Trial on the merits was held on December 14, 1978, and judgment was signed on March 8, 1979, in favor of the plaintiff and against defendant Fulkerson in the sum of $1,477.05. Finding that Mr. Fulkerson had neither expressed nor implied permission to operate the vehicle and therefore was not covered by the insurance policy, the trial court dismissed with prejudice Clarke’s and Fulkerson’s demands against Travelers and also sustained the exception of no right of action.
Charles Fulkerson has taken a devolutive appeal from the judgment and he now claims attorney’s fees for the appeal. However, he has made no complaint orally or in brief as to the plaintiff’s judgment against him. Neither Mr. Clarke nor Travelers have appealed or answered the appeal. Consequently, the only issues presented for determination by this court are: (1) Whether the loss was covered by Traveler’s policy; and (2) Mr. Fulkerson’s claim for the penalty and attorney’s fee.
Both “Part I, Coverage B-Property Damage Liability”, and “Part V, Coverage H-Collision”, provide that for Fulkerson’s operation or use of this non-owned automobile to be insured thereunder they had to be “with the permission, or reasonably believed to be with the permission, of the owner and . within the scope of such permission.” [1]
*563 We will first consider whether Mr. Fulk-erson was given express permission by Clarke to drive his vehicle on the night of the accident, or under the circumstances was impliedly authorized or had reason to believe he had permission to operate same.
On the day of the accident Clarke, Fulk-erson and one Ricky Villejoin were together from about 4:00 P.M. in the afternoon until late that night, visiting and drinking. After spending some time at Mr. Fulkerson’s house, they went in Clarke’s new automobile to Lee’s Restaurant to eat dinner and then to Jay’s lounge or night club in Cank-ton. While they were at Jay’s, Fulkerson became ill and told Clarke he wanted to go lay down. The latter handed Fulkerson the keys to his locked car so that he could get in it and sleep. Fulkerson slept therein for some time and then drove the car to his residence without further contact with Clarke. Upon discovering the car missing, . Clarke and Villejoin were forced to find a ride home. When Clarke went to Fulker-son’s house, he found his car parked there, wrecked, and Fulkerson asleep.
Both Fulkerson and Clarke agreed that the former never asked if he could drive the car to his house and it is clear from the record this was never discussed by them. Clarke testified he did not expect Fulkerson to leave, but added that he would have allowed him to drive the car if he had asked to do so and assured him he was able.
Thus, it is clear that Charles Fulkerson did not have express permission to drive Clarke’s car that night.
Nor do the facts indicate Mr. Fulkerson had implied permission or a reasonable belief that he had permission to drive the new automobile. Fulkerson admitted he never gave Clarke any indication that he was going to drive home. In fact, he testified simply that his “intentions were to go to sleep . . .” Mr. Fulkerson had never driven the car alone before, nor had he ever asked permission to drive it.
From our review of the evidence we are in full accord with the trial court’s ruling that Charles Fulkerson did not have permission, either expressed or implied, to drive Clarke’s car. And we are also convinced that he did not reasonably believe he had permission from the owner to operate the automobile which he wrecked. Employers Commercial Union Ins. Co. v. Bertrand, 306 So.2d 426 (La.App. 3 Cir. 1975). Therefore, he was not afforded any coverage under the insurance policy. In such case, of course, no penalty can be awarded under LSA-R.S. 22:658.
The last question presented concerns Traveler’s duty under the policy to defend its insured. The record reveals that this insurer did provide defense counsel for Mr. Fulkerson throughout the litigation at the trial level. However, he now asks this court to fix a reasonable attorney’s fee for the appeal of the case.
Assuming but without deciding that there was a duty on the part of Travelers to defend Mr. Fulkerson under the allegations of the petition in this suit[2], it does not include having to furnish counsel for his appeal. As Fulkerson has abandoned the appeal with respect to Clarke’s judgment against him, there is nothing before this court for Travelers to defend on his behalf. As it has turned out, the only real controversy presented on this appeal is the question of coverage between Fulkerson and Travelers. This court has held that an insurer is not bound to provide counsel for its insured in a contest involving purely a coverage question. Hobbs v. Fireman's Fund American Ins. Co., 339 So.2d 28 (La.App. 3 *564 Cir. 1976), writs denied 341 So.2d 896. Also in Landreneau v. United States Fidelity & Guaranty Company, 287 So.2d 554, 556 (La.App. 3 Cir. 1973), this court said:
“All that an insured is entitled to is an adequate defense on the merits in order that the insurer’s obligation to defend be satisfied. The insured is, of course, perfectly free to retain its own counsel to assist in the defense on the merits if it so chooses. The mere fact that the insured did so does not of itself prove that the insurer failed to fulfill its contractual duty.” [Emphasis added]
In our opinion Travelers has fulfilled any duty it may have had to provide counsel for Mr. Fulkerson in this case.
For the foregoing reasons, the judgment of the trial court is affirmed, and appellant’s claim for attorney’s fees is denied. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.

. This loss seems to have been expressly excluded from Part I coverage by the provision therein that it is inapplicable, “. . . (i) to property damage to . (3) property as *563 to which the. insured is for any purpose exercising physical control; . . ” However, it is unnecessary to decide this question in view of the conclusion we have reached.

. As pointed out in Footnote 1 of this opinion, it appears that the damage claim asserted by plaintiff is expressly excluded from coverage under Part I of the policy. Since the duty to defend the insured, even though the allegations of the petition are actually without merit, is expressly provided only in Part I of the policy, counsel for Travelers has ably argued that there is no such duty in regard to the loss claimed under Part V and therefore no such duty existed in this case.