■ AMERICAN CONSUMER INSURANCE COMPANY, Appellant, v SHERIE GOSLIN, as Administratrix of the Estate of BRUCE E. GATES, Deceased, et al., Respondents. — Appeal from an order and judgment of the Supreme Court at Special Term (Ford, J.), entered March 18, 1983 in Clinton County, which granted defendant Sherie Goslin's motion for summary judgment by declaring plaintiff obligated to defend and pay on behalf of defendant Nancy La Mora all sums recovered against her in the wrongful death action brought against her by Sherie Goslin, granted attorney's fees against plaintiff, and denied plaintiff's cross motion for summary judgment. Plaintiff issued a mobile homeowner's policy to defendant Nancy La Mora. She subsequently had the mobile home in question moved to a lot in the Town of Saranac, County of Clinton, which was to be its permanent location. After the home was delivered to the lot, its wheels were removed and four friends of La Mora arrived to "level off" the trailer which was sitting on a hill. It was resting on two floor jacks, about to be lowered to the blocks on which it would ultimately rest, when one of the jacks gave way. The trailer fell to the ground, killing one Bruce Earl Gates who was trapped underneath. Gates' widow brought suit against, *inter alia*, La Mora. Plaintiff insurance company then brought this action for a declaratory judgment ruling that it was not obligated to defend La Mora. It argued that its policy contained a clause which excluded coverage of this incident. This clause provided that "any accident resulting in bodily injury * * * arising out of * * * transportation of the mobile home, or operations necessary [*sic*] incidental thereto while it is in transit" would not be covered. The policy contained a definition of the term "in transit" as "the time period during which the leveling jacks or blocks are removed or all utilities are disconnected for the purpose of transporting the mobile home from one location to another, whether or not momentarily in motion and whether on a public road or otherwise". Plaintiff contends that the above-cited language is unambiguous and that the mobile home was clearly "in transit" at the time of the accident. It argues that the policy coverage would not have begun until the mobile home was in place on its new foundation and the utilities were connected. We cannot agree that the language of the policy is unambiguous. While the language of the exclusionary clause does make clear when the "in transit" period *begins,* i.e., the time when the jacks and blocks have been removed and the utilities disconnected for the purpose of transport, it does not clearly state when this period ends. Ambiguities in an insurance policy must be resolved in favor of the policyholder and against the company which issued the policy, particularly when such ambiguities are found in an exclusionary clause (*Breed v Insurance Co.,* 46 NY2d 351, 353; *J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co.,* 66 AD2d 315, 318, mot for lv to app den 47 NY2d 707). We hold that the language in question here was ambiguous and must be construed in favor of the insured (see *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390). We also hold that Special Term did not err in its award of attorney's fees to defendant La Mora. When an insured is named as a party defendant in a declaratory judgment action brought to determine his insurer's liability in a tort action, the insured's expenses in defending the declaratory judgment action are a direct consequence of the insurer's breach of its duty to defend. Accordingly, the insured's attorney's fees in such an action are a compensable damage (see *Johnson v General Mut. Ins. Co.,* 24 NY2d 42, 49-50; see, also, *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21). However, we can find no comparable justification for the award of attorney's fees to defendant Goslin, plaintiff in the original tort action. The insurer was under no duty to defend her and so its breach of the duty to defend does not give rise to any liability for her attorney's fees. Order and judgment modified, on the law, by reversing so much thereof as awarded attorney's fees to defendant Sherie Goslin, and, as so modified, affirmed, with costs against

plaintiff to defendant Nancy La Mora. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.