OPINION OF THE COURT
Harold J. Hughes, J.
Plaintiff moves for judgment in this action for a declaration of the rights of the parties under an automobile liability insurance policy issued by plaintiff.
The complaint alleges that on April 23, 1984 plaintiff issued an automobile policy of liability insurance to Kenneth Monkell covering a 1975 two-door Mercury. It is alleged that the insurance policy provided bodily liability coverage with limits of $10,000 per person and $20,000 per accident; that on May 19, 1984 the 1975 Mercury, while being operated by Mr. Monkell, was involved in a collision with two other automobiles at an intersection located in the Town of Athens, New York; that Jenna Geiser, Frank Hollinger, Gisela Hollinger, Rose Winters, Thomas Winters, Robert Von Romne, Jr., Elena Davidson, Paul Davidson, Louis Grammas and Charlotte Grammas sustained personal injuries in the accident and *960 claim that the negligence of Mr. Monkell is responsible for those injuries; that the claims against the defendant Monkell exceed the bodily injury limitations of the policy; that under the policy the plaintiff has the power to settle or defend as it considers appropriate. Paragraph 18 of the complaint states: "Plaintiff’s policy of automobile insurance further provides that its duty to settle or defend a claim for bodily injury or property damage ends when its limit of liability under the policy has been exhausted.”
Plaintiff seeks permission to pay $20,000 into court and be relieved of any obligation to defend Mr. Monkell and be discharged from all further liability to the other parties. Mr. Monkell, and some of the other defendants, oppose the motion arguing that the plaintiff has misread its own policy. The court agrees.
An action to declare rights under a policy of liability insurance must begin with analysis of the language of the policy. In bringing this action, plaintiff relies upon the language contained in part A of the liability coverage portion of the policy as follows: "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.”
Relying upon this language, the insurer claims that once it pays the $20,000 into court it will no longer have any duty to defend. The insurer overlooks the 1983 amendment to its own policy which was inserted to comply with New York law (see, 11 NYCRR 60.1 [b]). The amendment replaces the former language of part A of the liability coverage with the following language: "We will pay for damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for damages which are payable under the terms of this policy. This applies even if the claim or suit is groundless. In addition to our limit of liability, we will pay all defense costs we incur.”
Thus, while the former policy language may have ended the duty to defend at the time the policy limits were exhausted, the new language makes the payment of defense costs by the *961 insurer independent of the amount that is paid to indemnify the insured up to the policy limits. Consequently, the defendant Kenneth Monkell is entitled to a judgment declaring that under the personal auto policy issued to him by the plaintiff he is entitled to have all of his defense costs paid by Exchange Mutual Insurance Company with respect to any litigation commenced against him as a result of the automobile accident of May 19, 1984.
The request for permission to pay the $20,000 policy limit to court is premature, as at this point there is no determination that Mr. Monkell was at fault, or owes anybody anything. If judgments do result against Mr. Monkell in excess of his insurance coverage, then plaintiff can commence an inter-pleader action under CPLR 1006 and pay the money into court (United States Fid. & Guar. Co. v Hotkins, 8 Misc 2d 296).
Finally, the answer of defendant Monkell requests an award to him of the attorney’s fees and the costs he has incurred in defending this action. The Third Department has stated that an insured is entitled to recover his attorney’s fees and costs in defending a declaratory judgment action commenced against him by his insurer to avoid coverage (American Consumer Ins. Co. v Goslin, 97 AD2d 890). Therefore, the court will grant summary judgment to defendant Monkell against the plaintiff for the reasonable attorney’s fee and other costs he incurred in defending this action. The amount of that award will be determined after submission by Mr. Monkell’s counsel of an affidavit setting forth the hours he has expended in the defense of this action together with the costs and disbursements incurred by Mr. Monkell. The affidavit is to be submitted with the proposed order and judgment.
The motion of the plaintiff for an order granting it summary judgment in this declaratory judgment action will be granted, with $20 costs on the motion to each defendant who has appeared in opposition to this motion, to the extent of declaring that Exchange Mutual Insurance Company must pay all defense costs incurred by Kenneth Monkell in defending any action brought against him as the result of the accident of May 19, 1984 irrespective of the liability policy limits, and will in all other respects be denied, without costs. The court will grant summary judgment to Kenneth Monkell against the plaintiff for the reasonable attorney’s fees and disbursements he has incurred in defending this declaratory judgment action, together with the costs of the action. Counsel *962 for defendant Kenneth Monkell is requested to submit a proposed order and judgment, and an affidavit setting forth the hours his office has spent in defending this action, together with any costs and disbursements incurred by Mr. Monkell, on notice to plaintiff.