■ R. ARDEN DE VORE, as Administrator of the Estate of LAURA R. HOLCOMB, Deceased, Respondent, v BALBOA INSURANCE COMPANY, Appellant.—Kane, J. Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered August 21, 1985 in Chemung County, which, inter alia, denied defendant's motion to dismiss the complaint and granted plaintiff partial summary judgment on the issue of liability.

Plaintiff, R. Arden De Vore (hereinafter De Vore), brought this action to recover counsel fees in the amount of $12,854.93 incurred by him in the defense of a declaratory judgment

action commenced by defendant, Balboa Insurance Company (hereinafter Balboa). The factual background leading up to this action is as follows.

Laura R. Holcomb, the decedent, was killed while a passenger on a motorcycle being operated by William N. Brennan, who was driving the motorcycle with the permission of its owner, Richard O. Leonard. At the time of the accident, Leonard was insured against liability by Balboa. Thereafter De Vore, as administrator of decedent's estate, commenced a wrongful death action against Leonard and others in Supreme Court, Chemung County.

During the pendency of the wrongful death action, Balboa initiated a declaratory judgment action in Federal District Court against De Vore, Leonard and the other defendants in the wrongful death action. Balboa's objective in bringing the declaratory judgment action was to determine whether a 1979 amendment to the Insurance Law, increasing the minimum death benefits under a liability insurance policy from $10,000 to $50,000, applied to the policy which Balboa had issued to Leonard (see, Insurance Law former § 167, as added by L 1979, ch 665, as renum Insurance Law § 3420 by L 1984, ch 367). The amendment to the Insurance Law took effect after the policy was issued but before the date of the accident in which decedent was killed. Leonard, the insured, did not appear and assert a defense against Balboa in the declaratory judgment action. Only De Vore defended the declaratory judgment action, claiming that the amendment to the Insurance Law applied to the policy that Balboa had issued to Leonard.

While the declaratory judgment action was pending in District Court, the wrongful death action in Supreme Court was settled, with Balboa paying De Vore the sum of $11,000 on behalf of Leonard. The settlement contained a stipulation that, in the event that the declaratory judgment action was resolved in favor of De Vore, Balboa would pay an additional $30,000 plus interest accruing from the date of settlement. In due course, the declaratory judgment action was decided. District Court ruled that Balboa was to provide minimum liability death benefits of $50,000 for the death of one person, and this decision was subsequently affirmed on appeal.

De Vore then commenced the instant action in Supreme Court, Chemung County, against Balboa to recover counsel fees incurred in defending the declaratory judgment action that Balboa had initiated. Balboa moved for an order dismissing De Vore's complaint for failure to state a cause of action.

Special Term denied Balboa's motion to dismiss and granted partial summary judgment to De Vore on the issue of liability, finding that Balboa was liable to pay De Vore's counsel fees. The court further ordered that a hearing be held to determine the amount of counsel fees Balboa was liable to pay De Vore if the parties could not agree upon the amount. This appeal by Balboa ensued.

De Vore argues for affirmance, stating that this case falls within two exceptions to the general rule that counsel fees are not compensable. First, De Vore claims that a party is entitled to counsel fees when it is cast into the role of defending the insured party against the insurer's attempt to deny coverage under the policy. De Vore also asserts that this case falls within a second exception to the general rule barring recovery of counsel fees, i.e., counsel fees may be awarded in cases where the defendant's tortious act requires a plaintiff to defend an action. We are unable to agree with these contentions and, accordingly, reverse.

As a general rule, a litigant cannot recover damages for his expenses in the prosecution or defense of an action *(see, Matter of Green [Potter],* 51 NY2d 627). However, an exception to the general rule has been recognized to allow an insured party to recover the expenses of defending a declaratory judgment action brought by an insurer in an effort to free itself from its obligations *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22; *American Consumer Ins. Co. v Goslin,* 97 AD2d 890). The cases recognizing this exception have derived the right to recover counsel fees from the contractual relationship between the insured and the insurer which the insurer has breached by refusing to defend and indemnify its insured *(see, American Mut. Fire Ins. Co. v Beards,* 115 Misc 2d 152; *see also, Mighty Midgets v Centennial Ins. Co., supra; American Consumer Ins. Co. v Goslin, supra).* Accordingly, De Vore, who does not have a contractual relationship with Balboa, cannot recover under this exception *(see, e.g., American Consumer Ins. Co. v Goslin, supra).*

The other exception to the general rule barring recovery of counsel fees relied upon by De Vore is also inapplicable here. In this regard, it has been held that counsel fees may be recovered if the proximate and natural consequences of a defendant's *tortious act* require a plaintiff to defend or to bring an action against a third party *(Central Trust Co. v Goldman,* 70 AD2d 767, *appeal dismissed* 47 NY2d 1008, *cross appeal dismissed* 48 NY2d 654). Under the present circumstances, Balboa's commencement of the declaratory judgment

action did not amount to tortious conduct. Balboa brought the declaratory judgment action seeking a determination of whether the amendment to the Insurance Law, which increased the minimum death benefit coverage to $50,000, applied to policies issued before the effective date of that amendment (see, Insurance Law § 3420, as renum by L 1984, ch 367). In discussing this issue, the United States Court of Appeals for the Second Circuit, in the appeal of the declaratory judgment action, recognized that the statute in question was somewhat ambiguous. Since there is simply no evidence of any tortious conduct on the part of Balboa, De Vore is not entitled to counsel fees under this exception to the general rule. The order should, therefore, be reversed and Balboa's motion to dismiss granted.

Order reversed, on the law, without costs, motion to dismiss granted, cross motion for partial summary judgment denied and complaint dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

