**NATIONAL UNION FIRE INSURANCE COMPANY, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY and Felipa Lagundino, Defendants.**

**Civ. No. 88–00516 DAE.**

United States District Court, D. Hawaii.

Nov. 10, 1988.

Ross N. Taosaka, Davis, Reid & Richards, Honolulu, Hawaii, for National Ins. Co.

Erlinda Dominguez, Robert J. Morris, Honolulu, Hawaii, for Felipa Langundino.

Randall K. Schmitt, Goodsill Anderson Quinn & Stifel, Honolulu, Hawaii, for Allstate Ins. Co.

## ORDER DENYING DEFENDANT FELIPA LAGUNDINO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

EZRA, District Judge.

### I. BACKGROUND

This is an action for declaratory judgment between two insurance companies regarding the priority of available insurance coverage. Defendant Felipa Lagundino ("Lagundino") has been named as a party to this action so that she will be bound by the result of the declaratory judgment.

On or about November 20, 1986, Lagundino sustained injuries as a result of an automobile accident while she was riding as a passenger in an automobile driven by Flor Dela Cruz. Dela Cruz was insured by Defendant Allstate Insurance Company ("Allstate"). At the time of the accident, Lagundino was insured under a policy issued to her son by Plaintiff National Union Fire Insurance Company ("NUFIC"). This policy provided for underinsured motorist ("UIM") benefits of $35,000. The Allstate policy provided $50,000 limits for bodily injury liability coverage and UIM benefit limits of $35,000. Allstate paid the full $50,000 bodily injury liability coverage to Lagundino on behalf of Dela Cruz. Lagundino seeks payment for damages in excess of the $50,000 paid to her by Allstate and has made a claim under the UIM provisions of the NUFIC policy. Neither Allstate nor NUFIC have made payment to Lagundino under their respective UIM policy provisions. It is NUFIC's position that Allstate is primarily responsible for payment to Lagundino under its UIM benefits coverage. Allstate asserts that NUFIC's UIM coverage is primary, but concedes that if NUFIC prevails in this action they will be liable to Lagundino if she is ultimately determined to have suffered damages in excess of the $50,000 already paid to her.

Defendant Lagundino filed a Motion for Partial Summary Judgment which came on for hearing on October 17, 1988. Pursuant to her Motion, Lagundino seeks an order from this Court requiring NUFIC to assume full responsibility for all costs and attorney's fees incurred by her in appearing in this declaratory judgment action. The Court has reviewed the record, memoranda and affidavits submitted, and has considered the arguments of counsel.

### II. DECISION OF THE COURT

Lagundino first contends, citing Hawaii Rev.Stat. § 556; *Meheula v. Hausten*, 29 Hawaii 304 (1926); and *Christley v. Magoon*, 13 Hawaii 402 (1901), that because a declaratory judgment action by an insurer against its insured is an adversary proceeding, the insurer has a fiduciary obligation as trustee to provide for the insured's defense. This Court finds these authorities do not support Lagundino's position that in this circumstance an insurer is a trustee for its insured with an incumbent fiduciary obligation to defend.

The Court notes, however, the law does recognize an insurer's duty to defend in certain circumstances. "An insurer's duty to defend arises whenever there is a potential for indemnification liability of insurer to insured under the terms of the policy." *Standard Oil of California v. Hawaiian Ins. & Guar. Co.*, 65 Haw. 521, 654 P.2d 1345, 1349 (1982). The nature of the duty is contractual and therefore depends on the language in the policy involved. *Hawaiian Ins. & Guar. Co. v. Brooks*, 67 Haw. 285, 686 P.2d 23, 26 (1984).

Hence, to determine whether there is a possibility of indemnification liability, the Court must look to the language of the contract, *Brooks*, 686 P.2d at 26, and construe it liberally in favor of the insured and against the insurer. *Standard Oil v. Hawaiian Ins. & Guar Co.*, 2 Haw.App. 451, 634 P.2d 123, 129 (1981), *aff'd*, 65 Haw. 521, 654 P.2d 1345 (1982). In addition, the Court should observe the principal that

"[t]he objectively reasonable expectations of [policyholders] and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Id.* 686 P.2d at 27 (quoting Keeton, *Insurance Law Rights at Variance With Policy Provisions,* 83 Harv.L.Rev. 961, 967 (1970)).

Hawaii Rev.Stat. § 431:10–213(b) describes UIM benefits as covering loss resulting from "bodily injury ... suffered by any person legally entitled to recover damages from owners or operators of underinsured vehicles." Consistent with this statutory provision, the NUFIC policy provides coverage for "bodily injury" which is "sustained by a covered person" and "caused by an accident."[1]

■ The Court finds that this declaratory judgment action fails to raise any potential for indemnification liability as between NUFIC and Lagundino. The declaratory judgment action brought by NUFIC does not seek damages for bodily injury loss. Rather, the action seeks to resolve whether NUFIC is required to pay UIM benefits to Lagundino and who, as between Allstate and NUFIC, is the primary insurer.[2]

Citing *First Ins. Co. v. State by Minami,* 66 Haw. 413, 665 P.2d 648 (1983), Lagundino next contends that where there is a conflict of interest between the insured and insurer, the insurer must provide the insured's defense. The Court finds Lagundino's reliance on *Minami* misplaced.

*Minami* merely spells out what is commonly accepted insurance law: in defending an insured in a suit where a conflict of interest potentially exists between the insurer and the insured, the insurer must provide independent legal assistance or pay for the costs incurred by the insured for hiring counsel of its choice. *See Klein v. Salama,* 545 F.Supp. 175, 179 (E.D.N.Y. 1982); *Minami,* 66 Haw. at 422–23, 665 P.2d 648. *See also Cooper Laboratories, Inc. v. International Surplus Lines Ins. Co.,* 802 F.2d 667, 675 (3rd Cir.1986); *Northland Ins. Co. v. Heck's Service Co.,* 620 F.Supp. 107, 108 (E.D.Ark.1985). This conflict of interest issue arises after there has been a determination that the insured is being sued for damages potentially covered under the policy and either the insurer or its co-defendants have conflicting interests as to the determination of the factual cause of the damages being claimed. *See Cooper Laboratories,* 802 F.2d at 675 (conflict between insurer and insured on coverage issue at trial); *Howard v. Russell Stover Candies, Inc.,* 649 F.2d 620, 625 (8th Cir.1981) (same); *Bituminous Ins. Co. v. Pennsylvania Manufacturers' Ass'n. Ins. Co.,* 427 F.Supp. 539, 555 (E.D.Pa.1976) (conflict between insurers' co-defendants); *Minami,* 66 Haw. at 422, 665 P.2d 648 (same).

Again, the instant declaratory judgment action fails to raise any potential for indemnification liability as between NUFIC and Lagundino, a prerequisite to finding the existence of a conflict of interest as contemplated by *Minami.*[3] Hence, there is no

1. Affidavit of Malcolm Fisher (attached to Plaintiff's Memorandum In Opposition To Defendant Felipa Lagundino's Motion For Partial Summary Judgment filed September 27, 1988), *National Union Fire Ins. Co. v. Allstate Ins. Co., et al.,* Civ. No. 86–00516 DAE (D. Hawaii).

2. Lagundino nevertheless maintains that the duty to defend exists when an insurer files a *declaratory judgment action against its insured.* The Court, however, finds that the case law cited by Lagundino fails to support this proposition.

   Lagundino cites two New York cases that awarded attorneys fees to insureds who were defendants in declaratory judgment actions brought by their insurers. The attorney's fees, however, were deemed a direct consequence of

the insurers' failure to defend their respective insureds in other actions for damages allegedly covered under the terms of the policies. *See American Consumer Ins. Co. v. Goslin,* 97 A.D.2d 890, 470 N.Y.S.2d 453 (1983); *Allstate Ins. Co. v. Long,* 85 A.D.2d 880, 446 N.Y.S.2d 742 (1981). Again, the insurers' duty to defend in these two cases arose from actions brought against the insureds which posed potential for indemnification of the insureds by the insurers, a circumstance not present here.

3. Apparently, Lagundino would have this Court imply a duty to defend *whenever* the interests of the insured and insurer are at odds, i.e., whenever the insured and insurer are at opposite ends of the adversarial process. The law, however, does not extend an insurer's duty to de-

basis in case or statutory law to support Lagundino's contention that she is entitled to summary judgment as a matter of law.

THEREFORE IT IS HEREBY OR-DERED, ADJUDGED AND DECREED that Defendant Felipa Lagundino's Motion for Partial Summary Judgment is DE-NIED.

fend as far as Lagundino would suggest. For example, there is no duty to defend in actions involving purely coverage questions. *See Clarke v. Fulkerson,* 378 So.2d 561, 563 (La.Ct.App. 1979). Indeed, "[a]ttorneys fees incurred by an insured … as a defendant in a declaratory

relief action brought by his insurer, are the burden of the insured, and in the absence of some special statute or particular provision in the policy must be borne by the insured." *Carroll v. Hanover Ins. Co.,* 266 Cal.App.2d 47, 49–51 (1968).