# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1053**
**CA 10-02487**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

NATIONAL GRANGE MUTUAL INSURANCE COMPANY,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CROYLE, INC., JARED A. HOFFERT, JEFFREY M. KATZ,
TECH CONTRACTING AND NATIONAL GRID USA SERVICE
COMPANY, INC., DEFENDANTS-RESPONDENTS.

---

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (CHRISTINA F. DEJOSEPH OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

ROSSI AND MURNANE, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT CROYLE, INC.

SMITH, MINER, O'SHEA AND SMITH, LLP, BUFFALO (TERRY D. SMITH OF
COUNSEL), FOR DEFENDANT-RESPONDENT JARED A. HOFFERT.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, WHITE PLAINS (DEBRA A.
ADLER OF COUNSEL), FOR DEFENDANT-RESPONDENT JEFFREY M. KATZ.

HISCOCK & BARCLAY LLP, SYRACUSE (ROBERT A. BARRER OF COUNSEL), FOR
DEFENDANT-RESPONDENT NATIONAL GRID USA SERVICE COMPANY, INC.

---

Appeal from an amended judgment of the Supreme Court, Oneida
County (Samuel D. Hester, J.), entered August 27, 2010 in a
declaratory judgment action. The amended judgment, inter alia,
granted the motion of defendant Jared A. Hoffert for summary judgment
and denied the cross motion of plaintiff for summary judgment.

It is hereby ORDERED that the amended judgment so appealed from
is unanimously modified on the law by denying that part of the motion
of defendant Jared A. Hoffert seeking attorneys' fees and expenses and
that part of the cross motion of defendant Croyle, Inc. seeking
attorneys' fees incurred in defending this action, and as modified the
amended judgment is affirmed without costs.

Memorandum: Defendant Jared A. Hoffert commenced the underlying
Labor Law and common-law negligence action against, inter alia,
defendant Croyle, Inc. (Croyle) seeking damages for injuries he
sustained on June 26, 2008, during the course of his employment on a
construction project for which Croyle was the construction manager.
The summons and complaint in that action were served on Croyle on
November 29, 2008, along with a letter from Hoffert's attorney

requesting that Croyle deliver the pleadings to its liability insurance carrier. Plaintiff, Croyle's liability insurance carrier, received the summons and complaint and a letter from Croyle's insurance agent on December 9, 2008. Hoffert's attorney thereafter communicated with a representative of plaintiff, both orally and in writing, concerning the underlying action. Plaintiff subsequently sent a letter to Croyle disclaiming coverage based upon Croyle's failure to provide notice pursuant to the terms of the insurance policy. By letter dated January 5, 2009, Hoffert's attorney requested plaintiff to reconsider its decision in light of Hoffert's notice to plaintiff. Thereafter, plaintiff commenced the instant action seeking a declaration that, inter alia, it has no obligation to defend and indemnify Croyle in the underlying action.

Supreme Court properly granted that part of Hoffert's motion seeking summary judgment declaring that plaintiff has an obligation to defend and indemnify Croyle in the underlying action and properly denied plaintiff's cross motion seeking summary judgment declaring that it did not have such an obligation. Hoffert, as the injured party, exercised his independent right to provide written notice to plaintiff, and he is not bound by Croyle's allegedly late notice (*see* Insurance Law § 3420 [a] [3]; *Utica Mut. Ins. Co. v Gath*, 265 AD2d 805, 806). Plaintiff, however, never disclaimed coverage based on Hoffert's alleged failure to provide timely notice, and thus it is "estopped from raising [Hoffert's] alleged failure to provide timely notice of the claim as a ground for disclaiming coverage" (*Utica Mut. Ins. Co.*, 265 AD2d at 806; *see generally General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 863-864; *Vacca v State Farm Ins. Co.*, 15 AD3d 473, 474-475).

Croyle failed to appeal from that part of the amended judgment denying its cross motion seeking summary judgment declaring that plaintiff has an obligation to defend and indemnify it in the underlying action. We therefore do not address Croyle's contention that the court erred in rejecting its contention that its failure to provide prompt notice to plaintiff is excused by its reasonable belief in nonliability (*see generally Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865). Inasmuch as Croyle did not prevail on the merits, we conclude that the court erred in granting that part of its cross motion seeking attorneys' fees incurred in defending this action (*see generally RLI Ins. Co. v Smiedala*, 77 AD3d 1293, 1294-1295). The court also erred in granting that part of the motion of Hoffert seeking attorneys' fees inasmuch as he does not have a contractual relationship with plaintiff (*see De Vore v Balboa Ins. Co.*, 118 AD2d 989, 991-992). We therefore modify the amended judgment accordingly.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court